**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CUTERA, INC., DAVID H. MOWRY, ROHAN SETH, and J. DANIEL PLANTS,<br><br>Defendants. | Case No. 4:23-cv-02560-JST<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF NEW ENGLAND TEAMSTERS PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>**Date:** September 21, 2023<br>**Time:** 2:00 p.m.<br>**Courtroom:** 6 – 2nd Floor<br>**Judge:** Jon S. Tigar |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ........................................................................1

STATEMENT OF ISSUES ........................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................2

I.     PRELIMINARY STATEMENT ....................................................................2

II.    SUMMARY OF THE ACTION....................................................................3

III.   ARGUMENT .................................................................................................4

       A.    New England Teamsters Is The "Most Adequate Plaintiff"................4

             1.    The PSLRA Standard for Appointing Lead Plaintiff................4

             2.    New England Teamsters' Motion Is Timely..............................5

             3.    New England Teamsters Has the Largest Financial Interest
                   in the Outcome of the Action...................................................6

             4.    New England Teamsters Satisfies Rule 23's Typicality and
                   Adequacy Requirements .........................................................6

                   (a)    New England Teamsters' Claims Are Typical of Those of
                          the Class ......................................................................7

                   (b)    New England Teamsters Will Fairly and Adequately
                          Protect the Interests of the Class.................................7

       B.    The Court Should Approve New England Teamsters' Choice of
             Counsel .........................................................................................8

CONCLUSION.......................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ........................................................................................4, 5, 8

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
No. 12-CV-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) ................................7

*In re Cohen v. U. S. Dist. Ct.*,
586 F.3d 703 (9th Cir. 2009) ...............................................................................................8

*Das v. Unity Software Inc.*,
No. 5:22-cv-03962-EJD, 2023 WL 1927739 (N.D. Cal. Feb. 10, 2023)..................................8

*In re Extreme Networks Inc. Sec. Litig.*,
No. 15-cv-04883-BLF, 2016 WL 3519283 (N.D. Cal. June 28, 2016) ..................................7

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ..........................................................................6, 7, 8

*Lloyd v. CVB Fin. Corp.*,
No. CV 10-06256 MMM, 2011 WL 13128303 (C.D. Cal. Jan. 21, 2011)..............................7

*Tanne v. Autobytel*,
226 F.R.D. 659 (C.D. Cal. 2005)............................................................................................6

**Rules & Statutes**

Fed. R. Civ. P. 23 ............................................................................................................ *passim*

15 U.S.C. § 78u-4, *et seq.* ................................................................................................ *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-8141 (S.D.N.Y.)..................................................................................................8, 9

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-1963 (S.D.N.Y.) ...................................................................................................9

*In re Broadcom Corp. Class Action Litig.*,
No. 06-cv-05036 (C.D. Cal.) .................................................................................................9

*In re Countrywide Fin. Corp. Sec. Litig.*,
No. 07-cv-5295 (C.D. Cal.) ...................................................................................................9

*In re Mercury Interactive Corp. Sec. Litig.*,
    No. 05-cv-3395 (N.D. Cal.) ...................................................................................................9

*In re Nielsen Holdings PLC*,
    No. 18-cv-07143 (S.D.N.Y.).................................................................................................9

## NOTICE OF MOTION AND MOTION

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Lead Plaintiff movant New England Teamsters Pension Fund ("New England Teamsters") by and through its counsel, hereby move this Court in Courtroom 6 – 2nd Floor of the Honorable Jon S. Tigar at the United States District Court, Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, on September 21, 2023 at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (i) appointing New England Teamsters as Lead Plaintiff in the above-captioned securities class action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; (ii) approving New England Teamsters' selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and  Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel for the Class (the "Motion"); and (iii) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that New England Teamsters believes it is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, New England Teamsters believes it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the approximately *$388,723* in losses as calculated under a last-in, first-out ("LIFO") basis, that it incurred on its investments in the stock of Cutera, Inc. ("Cutera" or the "Company").  New England Teamsters also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.  Moreover, New England Teamsters is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial stake in the litigation and prior experience successfully serving as a court-appointed PSLRA lead plaintiff, which will ensure its effective monitoring and supervision of counsel.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Lucas E. Gilmore (the "Gilmore

Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, New England Teamsters respectfully requests that the Court enter an Order: (i) appointing New England Teamsters as Lead Plaintiff in the Action pursuant to the PSLRA; (ii) approving its selection of Labaton Sucharow as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (iii) granting any such further relief as the Court deems just and proper.

## STATEMENT OF ISSUES

1.     Whether the Court should appoint New England Teamsters as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and

2.     Whether the Court should approve New England Teamsters' selection of Labaton Sucharow as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action (the "Action") brought on behalf of all persons or entities that purchased or otherwise acquired Cutera common stock between February 17, 2021, and May 9, 2023, inclusive (the "Class Period"), who were damaged thereby (the "Class").  The Action, which has been brought against Cutera and certain of the Company's current and/or former senior executives and members of its Board of Directors (collectively, "Defendants"), alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, promulgated thereunder.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, the most adequate plaintiff is the "person or group of persons" that has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, New England Teamsters is the "most adequate plaintiff" by virtue of, among other things,

the approximately *$388,723* in losses, as calculated under a LIFO basis, that it incurred on its purchases of Cutera stock during the Class Period asserted in the Action.[1]  In light of this significant loss, New England Teamsters has a substantial financial interest in the relief sought by this litigation—an interest it believes to be greater than that of any competing movant.

In addition to asserting the largest financial interest, New England Teamsters readily satisfied the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class.  New England Teamsters is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial interest in the litigation and has experience supervising the work of outside counsel in complex litigation.  Accordingly, New England Teamsters has both the incentive and ability to supervise and monitor counsel.

New England Teamsters has also demonstrated its adequacy through the selection of Labaton Sucharow as proposed Lead Counsel on behalf of the Class.  Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Based on New England Teamsters' significant financial interest in the outcome of this Action, and its ability to oversee the prosecution of the litigation, New England Teamsters respectfully requests that the Court appoint them Lead Plaintiff and otherwise grant its Motion.

## II.    SUMMARY OF THE ACTION

This is a federal class action on behalf of a class of all persons and entities who purchased or otherwise acquired Cutera stock between February 17, 2021, and May 9, 2023, inclusive, seeking to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act.

---

[1]  A Copy of the PSLRA-required Certification of New England Teamsters is attached as Exhibit A to the accompanying Gilmore Decl., which set forth all transactions for New England Teamsters in Cutera stock during the relevant period.  In addition, a chart reflecting the calculation of New England Teamsters' loss as a result of its transactions in Cutera securities is attached as Exhibit B to the Gilmore Decl.  *See* Gilmore Decl., Exs. A & B.

Cutera, a Delaware corporation with principal executive offices in Brisbane, California, is a global provider of aesthetic and dermatology solutions for medical practitioners.  Throughout the Class Period, Defendants misled investors by overstating Cutera's revenue prospects, failing to disclose conflicts among its top officers and directors, and concealing weaknesses in its financial controls.  Investors learned the truth about Cutera's issues over the course of multiple disclosures in 2023.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities, New England Teamsters and the Class have suffered significant damages.

## III.    ARGUMENT

### A.    New England Teamsters Is The "Most Adequate Plaintiff"

New England Teamsters respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria.").  As set forth below, New England Teamsters believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely

> circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30 (discussing three-step competitive process for selecting a lead plaintiff).  This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730.

### 2.    New England Teamsters' Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  On May 24, 2023 plaintiff Erie County Employees' Retirement System filed a securities class action against Cutera and certain of its executives in the Northern District of California, which asserted claims on behalf of investors

that purchased Cutera stock during the class period between February 17, 2021, and May 9, 2023.  That same day, counsel for Erie County Employees' Retirement System published a notice alerting investors to the pendency of the action and informing them of the deadline to seek appointment as Lead Plaintiff.  *See* Notice, Gilmore Decl., Ex. C.  The motion deadline triggered by the publication of notice by Erie County Employees' Retirement System controls under the PSLRA, and New England Teamsters has therefore timely moved for appointment as Lead Plaintiff through the filing of this Motion.

### 3. New England Teamsters Has the Largest Financial Interest in the Outcome of the Action

New England Teamsters should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the Class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  As demonstrated herein, New England Teamsters suffered LIFO losses of approximately ***$388,723*** on its relevant transactions in Cutera securities during the Class Period.  *See* Gilmore Decl., Exs. A & B.  To the best of New England Teamsters' knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation.  Accordingly, New England Teamsters has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u4(a)(3)(B)(iii)(I).

### 4. New England Teamsters Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, New England Teamsters satisfies the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant "need only make a *prima facie* showing of its typicality and adequacy."  *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (citation omitted); *see also Tanne v. Autobytel*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (noting that a "preliminary showing" of typicality and adequacy is all that is necessary at the lead plaintiff stage).  Here, New England Teamsters unquestionably satisfies the typicality and adequacy requirements.

**(a)  New England Teamsters' Claims Are Typical of Those of the Class**

"The putative lead plaintiff satisfies the typicality requirement when it has suffered the same injuries as absent class members, as a result of the same conduct by the defendants." *In re Extreme Networks Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2016 WL 3519283, at *3 (N.D. Cal. June 28, 2016) (citation omitted).  The claims need not be "substantially identical" to support a finding of typicality.  *Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (citation omitted).  Instead, "[t]he test of typicality is whether other [class] members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citation omitted).

Here, the claims that New England Teamsters asserts are typical of the claims of the other members of the putative Class because, like all other Class members, New England Teamsters: (i) purchased or otherwise acquired Cutera stock during the Class Period; (ii) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (iii) suffered damages as a result.  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed Lead Plaintiff "purchased [defendant corporation] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged[ly] suffered damages as a result").  Thus, New England Teamsters satisfies the typicality requirement of Rule 23.

**(b)  New England Teamsters Will Fairly and Adequately Protect the Interests of the Class**

New England Teamsters will fairly and adequately represent the interests of the proposed Class.  Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4).  The thrust of the adequacy inquiry is: "(1) whether there are conflicts within the class; and (2) whether plaintiff and counsel will vigorously

fulfill their duties to the class." *Das v. Unity Software Inc.,* No. 5:22-cv-03962-EJD, 2023 WL 1927739, at *2 (N.D. Cal. Feb. 10, 2023) (citation omitted); *see also Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citation omitted).

Here, no antagonism exists between New England Teamsters' interests and those of the absent Class members; rather, the interests of New England Teamsters and Class members are squarely aligned.  In addition, New England Teamsters has demonstrated its adequacy through its selection of Labaton Sucharow as Lead Counsel to represent the Class in this Action.  As discussed more fully herein, Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted this Motion to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Accordingly, New England Teamsters satisfies the adequacy requirement.

**B.      The Court Should Approve New England Teamsters' Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U. S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, New England Teamsters has selected Labaton Sucharow, highly-qualified counsel, to serve as Lead Counsel for the proposed Class.  Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors.  Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities*

*Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.). Recently, Labaton Sucharow secured a $73 million settlement for investors in *In re Nielsen Holdings PLC*, No. 18-cv-07143 (S.D.N.Y.).  Labaton Sucharow presently serves as lead and co-lead counsel in several significant investor class actions.  *See* Labaton Sucharow Firm Resume, Gilmore Decl., Ex. D.

Likewise, Hagens Berman is well qualified to represent the Class as Liaison Counsel. Hagens Berman maintains an office in Berkeley, California, and is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases.  *See* Gilmore Decl., Ex. E. Thus, the firm is well qualified to represent the Class as Liaison Counsel.  *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court").

Thus, the Court may be assured that by granting this motion and approving New England Teamsters' selection of counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, New England Teamsters respectfully requests that the Court: (i) appoint New England Teamsters as Lead Plaintiff; (ii) approve the selection of Labaton Sucharow as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (iii) grant such other and further relief as the Court may deem just and proper.

DATED:  July 24, 2023

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Lucas E. Gilmore*
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON SUCHAROW LLP**
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff
and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore