ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

ENTWISTLE & CAPPUCCI LLP
ANDREW J. ENTWISTLE (*Pro Hac Vice* forthcoming)
500 W. 2nd Street, Suite 1900-16
Austin, TX  78701
Telephone:  512/710-5960
212/894-7272 (fax)
aentwistle@entwistle-law.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>CUTERA, INC., et al.,<br><br>                              Defendants. | Case No. 4:23-cv-02560-JST<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:          September 21, 2023<br>TIME:          2:00 p.m.<br>CTRM:          Via Zoom webinar<br>JUDGE:          Hon. Jon S. Tigar |

4883-3642-7888.v1

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on September 21, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard via Zoom webinar, before the Honorable Jon S. Tigar, class members Gabelli International Ltd., The Gabelli Healthcare & Wellness$^{Rx}$ Trust, and the Gabelli Foundation, Inc. (the "Gabelli Institutional Investors") will and hereby do move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order appointing the Gabelli Institutional Investors as Lead Plaintiff and approving the Gabelli Institutional Investors' selection of Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP as Lead Counsel.  This Motion is made on the grounds that the Gabelli Institutional Investors are the most adequate plaintiff to serve as lead plaintiff in the action.  In support of this Motion, the Gabelli Institutional Investors submit herewith a Memorandum of Points and Authorities and the Declaration of Danielle S. Myers ("Myers Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The above-captioned securities fraud class action was filed on behalf of purchasers of Cutera, Inc. ("Cutera" or the "Company") common stock between February 17, 2021 and May 9, 2023, inclusive (the "Class Period") asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Gabelli Institutional Investors – consisting of subsidiaries of a well-known diversified asset manager and financial services company, GAMCO Investors, Inc., with a track record of success serving as lead plaintiff in securities class actions – should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Gabelli Institutional Investors' selection of Entwistle & Cappucci and Robbins Geller to serve as lead

counsel should be approved because the Firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should appoint the Gabelli Institutional Investors as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.      Whether the Court should approve the Gabelli Institutional Investors' selection of Entwistle & Cappucci and Robbins Geller as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.     STATEMENT OF FACTS

Cutera is a medical aesthetic device company that is engaged in the design, development, manufacture, marketing, and servicing of aesthetics systems used in procedures, including treatment for body contouring, skin resurfacing and revitalization, tattoo removal, removal of benign pigmented lesions, vascular conditions, hair removal, toenail fungus, and women's health. Cutera's common stock trades on the Nasdaq under the ticker CUTR.

The Class Period begins on February 17, 2021, when the Company published a press release announcing its financial results for the fourth quarter 2020 and full-year 2020 in which the Company's now-terminated Chief Executive Officer David H. Mowry highlighted that Cutera's "commitment to execution" had driven "steady improvement during the second half of 2020, posting solid results despite the difficult [COVID-related] operating environment."   ECF 1 at ¶32. Defendant Mowry further assured investors that the Company would "enter 2021 well-positioned to accelerate growth and expand profitability as the impact of COVID-19 continues to wane." *Id*.

Throughout the Class Period, defendants repeatedly assured investors that Cutera would deliver sustainable revenue growth in the wake of the COVID-19 pandemic while concealing that the Company maintained inadequate internal control over financial reporting and significant conflicts among certain members of the Company's senior leadership and Board of Directors. *See* ECF No. 1 at ¶3.

The complaint alleges that these misleading statements and omissions artificially inflated the price of Cutera common stock, and later, when defendants' prior misrepresentations and fraudulent

conduct were disclosed to the market, Cutera's stock price fell significantly.  The first such alleged revelation occurred on January 9, 2023, when the Company reported its preliminary financial results for full-year 2022, including the fact that Cutera had failed to meet its revenue guidance for 2022. ECF 1 at ¶4.  On this news, the price of Cutera common stock declined more than 23%.  ECF 1 at ¶5.

Then, after market close on February 28, 2023, Cutera disclosed that: (1) it was unable to timely file with the U.S. Securities and Exchange Commission its annual financial report by the March 1, 2023 deadline; and (2) material weaknesses were identified in Cutera's internal control over financial reporting related to ineffective inventory count controls.  ECF 1 at ¶6.  Thereafter, on March 16, 2023, Cutera announced it would not meet the extended deadline for filing its 2022 annual report.  ECF 1 at ¶8.  The Company also revealed that, in addition to the material weaknesses previously identified, it had identified additional material weaknesses related to stock-based compensation.  *Id.*  On this news, the price of Cutera common stock declined more than 12%.  ECF 1 at ¶9.  Cutera shares further declined on March 24, 2023, when Cutera disclosed that Nasdaq notified it that it was "not in compliance with Nasdaq Listing Rule 5250(c)(1)" for failing to timely file its 2022 annual financial report.  ECF 1 at ¶10.

On April 10, 2023, Executive Chairman and Chairman of the Board, defendant J. Daniel Plants and defendant Mowry issued statements in support of their separate demands calling for the Board to remove five of its directors.  ECF 1 at ¶13.  In connection with their demands, defendants Plants and Mowry cited concerns that the Board had not made progress on a succession plan for the role of Chief Executive Officer, and defendant Mowry stated that "the approach the Entrenched Directors have taken to these matters has been detrimental to the business and served no purpose other than to position certain Directors closer to the CEO title that they seem to covet for themselves."  *Id.*[1]  Two days later, Cutera shocked the market when it announced that it had terminated both defendant Plants and defendant Mowry.  ECF 1 at ¶14.  On this news, the price of Cutera common stock plummeted more than 28% in a single-session decline.  ECF 1 at ¶15.

---

[1]  *See generally Plants v. Barrett*, No. 2023-0420-MTZ (Del. Ch. Ct. Apr. 11, 2023).

NOT OF MOT & MOT FOR APPT AS LEAD PLAINTIFF & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 4:23-cv-02560-JST   - 3 -
4883-3642-7888.v1

Finally, on May 9, 2023, Cutera reported disappointing financial results for the first quarter of 2023 that were "below expectations due to execution challenges in the business" and announced that the Company's Chief Financial Officer, defendant Rohan Seth, had resigned. ECF 1 at ¶16. On this news, the price of Cutera common stock declined 30% over two trading sessions, further damaging investors. ECF 1 at ¶17.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Cutera common stock, class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    The Gabelli Institutional Investors Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Gabelli Institutional Investors meet each of these requirements and should be appointed Lead Plaintiff.

### 1.    This Motion Is Timely

The statutory notice of this action was published on *Business Wire* on May 25, 2023, advising class members of the pendency of the action, the class definition and period asserted therein, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by July

24, 2023.  *See* Myers Decl., Ex. A.  Because this Motion is being filed on July 24, it is timely and the Gabelli Institutional Investors are entitled to be considered for appointment as lead plaintiff.

### 2.    The Gabelli Institutional Investors Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certification and loss chart, the Gabelli Institutional Investors purchased 13,300 shares of Cutera common stock during the Class Period, and suffered more than $200,000 in losses as a result of defendants' alleged misconduct.  *See* Myers Decl., Exs. B-C. Therefore, the Gabelli Institutional Investors have a substantial financial interest in the relief sought by the class.

### 3.    The Gabelli Institutional Investors Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  As the lead plaintiff, courts primarily focus on the typicality and adequacy requirements of Rule 23.  *See In re eHealth, Inc. Sec. Litig.*, 2022 WL 17038164, at *2 (N.D. Cal. Nov. 9, 2022) (Tigar, J.) ("To become the presumptive adequate plaintiff, a movant must show they have the largest stake and make 'a prima facie showing of adequacy and typicality.'") (quoting *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021)).

The test of typicality under Rule 23(a)(3) is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also eHealth*, 2022 WL 17038164, at *2.  Rule 23 further requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy determination requires the court to address two questions: (1) "'do the named plaintiffs and their counsel have any conflicts of interest with other class members'?"; and (2) "'will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'"  *eHealth*, 2022 WL 17038164, at *2 (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000)).

The Gabelli Institutional Investors are typical of the class they seek to represent because, like all class members, they: (1) purchased Cutera common stock; (2) were adversely affected by the alleged wrongdoing; and (3) suffered harm when defendants' alleged misconduct was revealed. *See* Myers Decl., Exs. B-C. In other words, the Gabelli Institutional Investors' claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. The Gabelli Institutional Investors have "made the necessary prima facie showing of typicality." *eHealth*, 2022 WL 17038164, at *2.

As to adequacy, the Gabelli Institutional Investors have a substantial stake in the outcome of the case, providing the requisite incentive to vigorously represent the class's claims. And, as discussed below, the Gabelli Institutional Investors have selected qualified counsel experienced in securities litigation.

The Gabelli Institutional Investors' interests are aligned with the interests of the putative class and there is no evidence of any antagonism between the Gabelli Institutional Investors' interests and the interests of the rest of the class. As institutional investors, the Gabelli Institutional Investors are precisely the types of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."); *Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("Congress 'intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits'") (citation omitted). Not only are the Gabelli Institutional Investors sophisticated institutional investors overseeing billions of dollars of investments, but they also have a track record of success leading securities class actions like this one, having recovered more than $169 million for harmed investors in *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. 4:14-cv-03428-NFA (S.D. Tex.), $55 million for the class in *In re Resideo Techs., Inc. Sec. Litig.*, No. 0:19-cv-02863-WMW-BRT (D. Minn.), and $27.5 million (100% of the defendant company's available insurance) in *In re Akorn, Inc. Data Integrity Sec. Litig.*, No. 1:18-cv-01713 (N.D. Ill.).

Accordingly, the Gabelli Institutional Investors satisfy the Rule 23 inquiry.

**B.      The Court Should Approve the Gabelli Institutional Investors' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Gabelli Institutional Investors have selected Entwistle & Cappucci and Robbins Geller as lead counsel in this case.[2]

Entwistle & Cappucci is among the preeminent securities class action law firms in the country, with offices in Texas and New York.  The Firm has extensive experience successfully prosecuting some of the largest and most complex class actions in history and has distinguished itself as one of the nation's premier complex litigation firms, regularly pursuing multi-jurisdictional cases against well-funded opponents, including large corporations and financial institutions.  Significant cases in which Entwistle & Cappucci has served in a leadership capacity and obtained significant recoveries on behalf of the respective classes include:

- *Cobalt Int'l Energy*, in which Entwistle & Cappucci prosecuted securities claims against oil and gas company Cobalt International Energy, Inc. and related defendants. In that case, Entwistle & Cappucci served as co-lead counsel and recovered $169.35 million in cash, in addition to $220 million payable from director and officer liability policies on behalf of a class of investors;

- *In re MF Global Holdings Ltd. Inv. Litig.*, No. 1:12-md-02338-VM (S.D.N.Y.), in which Entwistle & Cappucci – appointed co-lead counsel for the worldwide class of commodities investors – worked with the trustee appointed under the Securities Investor Protection Act to recover all $1.6 billion in net equity lost by commodity customers after the collapse of MF Global;

- *In re Royal Ahold NV Sec.*, No. 1:03-md-01539-CCB (D. Md.), in which Entwistle & Cappucci served as lead counsel representing the Public Employees' Retirement Association of Colorado as lead plaintiff, recovering a $1.1 billion partial settlement of the action, representing approximately 40% of estimated provable damages; and

---

[2]   For a detailed description of Entwistle & Cappucci's and Robbins Geller's track record, resources, and attorneys, please *see* https://www.entwistle-law.com/ and https://www.rgrdlaw.com/. An electronic or paper version of the Firms' resumes are available upon the Court's request, if preferred.

- *In re Allergan, Inc. Proxy Violation Derivatives Litig.*, No. 2:17-cv-04776-DOC-KES (C.D. Cal.), where Entwistle & Cappucci, as co-lead counsel on behalf of investors in derivative securities of Allergan, Inc., negotiated a $40 million settlement of claims that Valeant Pharmaceuticals International, Inc. and certain officers shared material non-public information with Pershing Square Capital Management, L.P. and certain affiliated individuals and entities concerning Valeant's plan to take over Allergan, Inc. in exchange for Pershing Square's support for the takeover.

Likewise, Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence and appointed Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. Most notably, late last year, this Court granted final approval of the $809.5 million settlement achieved by Robbins Geller and co-counsel in a securities fraud case against Twitter Inc. *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.). The settlement in *Twitter* is the largest securities fraud class action recovery in more than a decade in the Ninth Circuit and the second-largest ever in this Circuit.[3]

Entwistle & Cappucci and Robbins Geller also have a history of successfully and efficiently prosecuting securities class actions together including in *Resideo Techs.* ($55 million recovery) and *Camelot Event Driven Fund, a Series of Frank Funds Tr. v. Alta Mesa Resources, Inc.*, No. 4:19-cv-

---

[3]   Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

00957 (S.D. Tex.) (case currently scheduled for trial in May 2024 in which Entwistle & Cappucci and Robbins Geller are currently serving as co-lead counsel).

Based upon Entwistle & Cappucci's and Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this Motion, the class will receive the highest caliber of legal representation. Accordingly, the Gabelli Institutional Investors' selection of Entwistle & Cappucci and Robbins Geller as lead counsel is reasonable and should be approved.

## V.    CONCLUSION

The Gabelli Institutional Investors have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Gabelli Institutional Investors respectfully request that the Court appoint them as Lead Plaintiff, and approve their selection of Lead Counsel.

DATED:  July 24, 2023                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS

                                   s/ Danielle S. Myers
                              DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
danim@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

ENTWISTLE & CAPPUCCI LLP
ANDREW J. ENTWISTLE
500 W. 2nd Street, Suite 1900-16
Austin, TX  78701
Telephone:  512/710-5960
aentwistle@entwistle-law.com

NOT OF MOT & MOT FOR APPT AS LEAD PLAINTIFF & APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 4:23-cv-02560-JST        - 9 -
4883-3642-7888.v1

ENTWISTLE & CAPPUCCI LLP
VINCENT R. CAPPUCCI
ROBERT N. CAPUCCI
299 Park Avenue, 20th Floor
New York, NY  10171
Telephone:  212/894-7200
212/894-7272 (fax)
vcappucci@entwistle-law.com
rcapucci@entwistle-law.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

NOT OF MOT & MOT FOR APPT AS LEAD PLAINTIFF & APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 4:23-cv-02560-JST      - 10 -
4883-3642-7888.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 24, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dmyers@rgrdlaw.com

4883-3642-7888.v1

## Mailing Information for a Case 4:23-cv-02560-JST Erie County Employees' Retirement System v. Cutera, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Naumon A Amjed**
  namjed@ktmc.com,jnaji@ktmc.com,hpaffas@ktmc.com,rwinchester@ktmc.com,bschwartz@ktmc.com,4980043420@filings.docketbird.com,rdegnan@ktmc.com,iye

- **Ryan Thomas Degnan**
  rdegnan@ktmc.com

- **Jennifer Lauren Joost**
  jjoost@ktmc.com,1759490420@filings.docketbird.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)