**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Lead Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CUTERA, INC., DAVID H. MOWRY, ROHAN SETH, and J. DANIEL PLANTS,<br><br>Defendants. | Case No. 4:23-cv-02560-JST<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT BEATRICE NIQUETTE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>CLASS ACTION<br><br>Judge: Jon S. Tigar<br>Hearing: August 31, 2023<br>Time: 2:00 p.m.<br>Ctrm: Courtroom 6, 2nd Floor (Oakland) |

**PLEASE TAKE NOTICE** that on August 31, 2023 at 2:00 p.m. before the Honorable Jon S. Tigar in the Oakland Courthouse, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, movant Beatrice Niquette ("Movant") will, and does, move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) on the grounds that: (1) Movant should be

1

appointed as Lead Plaintiff for the class of securities purchasers of Cutera, Inc. ("Cutera" or the "Company") between February 17, 2021, and May 9, 2023, both dates inclusive ("Class Period"), as Movant timely made this Motion, has the largest financial interest, and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) Movant's selection of Rosen Law as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

## STATEMENT OF ISSUES TO BE DECIDED

(1)     Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B); and

(2)     Whether the Court should approve Movant's selection of Rosen Law as Lead Counsel for the class pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v).

2

NOT. OF MTN. AND MTN. OF BEATRICE NIQUETTE FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 4:23-cv-02560-JST

**MEMORANDUM OF POINTS AND AUTHORITIES**

Movant Beatrice Niquette ("Movant"), respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)     appointing Movant as Lead Plaintiff for all persons other than defendants who purchased or otherwise acquired the securities of Cutera between February 17, 2021, and May 9, 2023, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2)     appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.     CLAIMS ASSERTED

This action was commenced on May 24, 2023 in this Court against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a PSLRA early notice was issued advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Cutera is a medical aesthetic device company that provides equipment for beauty treatments. Cutera's common stock trades in the United States on the Nasdaq Global Select Market ("Nasdaq") under the ticker symbol "CUTR."

The complaint alleges that throughout the Class Period, Defendants made materially false and misleading statements and/or failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants overstated the sustainability of Cutera's revenue growth; (2) there were significant conflicts among members of the Company's senior leadership and board of directors; (3) there were several material weaknesses in the Company's

3

internal control over financial reporting; and (4) as a result, Defendants' statements about the Company's business, operations, and prospects lacked a reasonable basis.

Throughout the Class Period, Defendants repeatedly assured investors that the Company would deliver sustainable revenue growth in the wake of the COVID-19 pandemic while concealing that the Company maintained inadequate internal control over financial reporting and significant conflicts among certain members of the Company's senior leadership and board of directors (the "Board").

Plaintiff and other members of the class began to learn the truth about the Company on January 9, 2023, when the Company reported its preliminary financial results for full-year 2022, including the fact that Cutera had failed to meet its revenue guidance for 2022. On this news, the price of Cutera common stock declined $9.41 per share, or more than 23%, from a close of $40.45 per share on January 6, 2023, to close at $31.04 per share on January 9, 2023.

After the market closed on February 28, 2023, Cutera filed a Notification of Late Filing with the SEC, reporting that the Company would not be able to timely file its annual financial report on Form 10-K by the March 1, 2023 deadline. The Company further disclosed that it "ha[d] identified and expect[ed] to disclose in the Form 10-K material weaknesses in its internal control over financial reporting related to . . . ineffective inventory count controls." On this news, the price of Cutera common stock declined $0.32 per share, or approximately 1%, from a close of $32.43 per share on February 28, 2023, to close at $32.11 per share on March 1, 2023.

Then, on March 16, 2023, Cutera announced that it would not meet the extended deadline for filing its 2022 annual report, and would endeavor to file its 2022 annual report "as soon as practicable." The Company also revealed that, in addition to the material weaknesses previously identified, Cutera had identified material weaknesses related to stock-based compensation. On this news, the price of Cutera common stock declined $3.49 per share, or approximately 12.5%, from a close of $27.85 per share on March 16, 2023, to close at $24.36 per share on March 17, 2023.

A week later, on March 24, 2023, Cutera disclosed that Nasdaq notified the Company that it was "not in compliance with Nasdaq Listing Rule 5250(c)(1)" for failing to timely file its 2022

NOT. OF MTN. AND MTN. OF BEATRICE NIQUETTE FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 4:23-cv-02560-JST

annual financial report. On this news, the price of Cutera common stock declined $0.92 per share, or approximately 3.4%, from a close of $27.07 per share on March 24, 2023, to close at $26.15 per share on March 27, 2023.

On April 12, 2023, the Company revealed that it had terminated Defendant Plants as the Company's Executive Chairman and Chairman of the Board and Defendant Mowry as the Company's Chief Executive Officer, appointing current Board members Janet D. Widmann and Sheila A. Hopkins as Independent Chair of the Board and Interim Chief Executive Officer, respectively. In connection with this announcement, the Company also formally withdrew its full-year 2023 financial guidance. On this news, the price of Cutera common stock declined $7.63 per share, or more than 28%, from a close of $27.07 per share on April 11, 2023, to close at $19.44 per share on April 12, 2023.

Then, on May 9, 2023, the Company reported disappointing financial results for the first quarter 2023 that were "below expectations due to execution challenges in the business" and announced that Defendant Rohan Seth had resigned as the Company's Chief Financial Officer (emphasis in original). On this news, the price of Cutera common stock declined $6.06 per share over two trading sessions, or 30%, from a close of $20.20 per share on May 9, 2023, to close at $14.14 per share on May 11, 2023.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as

practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A.  Movant Is Willing to Serve as Class Representative**

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B.  Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $403.38 in connection with purchases of Cutera securities during the Class Period. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that

has suffered greater losses in Cutera securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that a movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Cutera and its business. Movant, as did all of the members of the Class, purchased Cutera securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged

thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant lives in Canada. Movant works as a pediatric occupational therapist and has a Master's degree in occupational therapy. Movant has been investing for approximately 4 years. Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against Movant that would render her inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

**III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class' and the Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm

is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. Rosen Law has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.


Dated: July 24, 2023                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/Laurence M. Rosen*

Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Lead Plaintiff and the Class*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On July 24, 2023, I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT BEATRICE NIQUETTE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on July 24, 2023

/s/Laurence M. Rosen
Laurence M. Rosen