Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas D. Manningham (*pro hac vice*)

**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: mcanty@labaton.com
        mrogers@labaton.com
        nmanningham@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel
for the Class*

Lucas E. Gilmore (#250893)

**HAGENS BERMAN SOBOL SHAPIRO
LLP**
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Telephone: (510) 725-3000
Fax: (510) 725-3001
Email: lucasg@hbsslaw.com

*Liaison Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE CUTERA, INC. SECURITIES LITIGATION | **Case No.: 4:23-cv-02560-JST**<br><br>**LEAD PLAINTIFF'S STATEMENT REGARDING CUTERA, INC.'S SUGGESTION OF BANKRUPTCY AND THE COURT'S SUBSEQUENT ORDER (ECF NO. 80)**<br><br>Hon. Jon S. Tigar |

Lead Plaintiff New England Teamsters Pension Fund ("Lead Plaintiff") respectfully submits this statement regarding Cutera Inc.'s Suggestion of Bankruptcy and Notice of Stay (ECF No. 79) (the "Suggestion of Bankruptcy") and the Court's subsequent order administratively closing this proceeding (ECF No. 80) (the "Order").[1]

While the Suggestion of Bankruptcy correctly describes the impact of the automatic stay under 11 U.S.C. § 362(a) with respect to Defendant Cutera, Inc. and its subsidiary Crystal Sub, LLC (the "Debtors"), it should be noted that the automatic stay applies *only* to the Debtors, and not to any other Defendant named in this case (collectively, the "Non-Debtor Defendants"),[2] who are themselves not debtors in any bankruptcy case. *See, e.g.*, *In re Excel Innovations*, 502 F.3d 1086, 1095 (9th Cir. 2007) ("[W]e have consistently held that the automatic stay does not apply to suits against non-debtors."); *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) ("As a general rule, '[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property.'") (citation omitted). Thus, this action can and should proceed against the Non-Debtor Defendants regardless of the Debtors' Chapter 11 filing.

Courts in the Ninth Circuit routinely allow securities actions to proceed against officers and directors of bankrupt issuers.[3] The Non-Debtor Defendants here are independently, directly liable for allegedly violating § 10(b) and Rule 10b-5, and thus this action can and should proceed against them notwithstanding the bankruptcy of one Defendant. *See Duval v. Gleason*, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990) ("[T]he securities laws allow for the independent liability of the officers or

---

[1] Capitalized terms not defined herein have the same meaning as set forth in the Suggestion of Bankruptcy.

[2] The Non-Debtor Defendants are David Mowry, Rohan Seth, J. Daniel Plants, Sheila Hopkins, Taylor Harris, Stuart Drummond, and Vikram Varma.

[3] *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *1 (S.D. Cal. Nov. 30, 2021) (approving settlement and noting that the automatic stay "halted further proceedings against Orexigen, but not the remaining defendants"); *Bruce v. Suntech Power Holdings Co.*, 2013 WL 6843610, at *1 (N.D. Cal. Dec. 26, 2013) (ruling on individual defendants' motions to dismiss despite issuer's pending bankruptcy case); *Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1196 (N.D. Cal. 2012) (same); *In re U.S. Aggregates, Inc. Sec. Litig.*, 235 F. Supp. 2d 1063, 1068 n.4 (N.D. Cal. 2002) (allowing action to proceed against individual defendants notwithstanding issuer's bankruptcy).

other parties involved, and proceedings like the present may go forward without the participation of the corporation.").

As a matter of law, the automatic stay triggered by Cutera's bankruptcy does not impact the Lead Plaintiff's claims against the Non-Debtor Defendants. Accordingly, this proceeding should continue against them, despite the Suggestion of Bankruptcy and subsequent Order.

Dated: March 20, 2025

LABATON KELLER SUCHAROW LLP

By: */s/Michael P. Canty*
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas D. Manningham (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: mcanty@labaton.com
        mrogers@labaton.com
        nmanningham@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel for the Class*

HAGENS BERMAN SOBOL SHAPIRO LLP
Lucas E. Gilmore (#250893)
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: lucasg@hbsslaw.com

*Liaison Counsel for the Class*

LEAD PLAINTIFF'S STATEMENT REGARDING CUTERA, INC.'S SUGGESTION OF BANKRUPTCY AND THE COURT'S SUBSEQUENT ORDER (ECF NO. 80)
CASE NO. 4:23-CV-02560-JST

3