Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
Alexis C. Holmes (SBN 321393)
(holmesa@sullcrom.com)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California 94301
Telephone:    (650) 461-5600
Facsimile:     (650) 461-5700

*Counsel for Defendants Cutera, Inc., David H. Mowry, Rohan Seth, J. Daniel Plants, Sheila Hopkins, Taylor Harris, Stuart Drummond, and Vikram Varma*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CUTERA, INC. SECURITIES LITIGATION | Case No. 4:23-cv-02560-JST<br><br>**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S STATEMENT REGARDING CUTERA'S SUGGESTION OF BANKRUPTCY AND THE COURT'S SUBSEQUENT ORDER (ECF NO. 81)**<br><br>Hon. Jon S. Tigar |

Pursuant to the Court's March 21, 2025 order (ECF No. 82), Defendants Cutera, Inc. ("Cutera"), David H. Mowry, Rohan Seth, J. Daniel Plants, Sheila Hopkins, Taylor Harris, Stuart Drummond, and Vikram Varma (the "individual Defendants" and, collectively with Cutera, "Defendants") respectfully submit this response to Lead Plaintiff's March 20, 2025 statement (ECF No. 81, the "Statement") regarding the Court's order that administratively closed this case (ECF No. 80, the "Order"), in light of Cutera's Suggestion of Bankruptcy (ECF No. 79).

In its Statement, Plaintiff does not dispute that the automatic stay under the Bankruptcy Code, 11 U.S.C. § 362(a), prevents the continuation of this action against Cutera during the pendency of Cutera's Chapter 11 bankruptcy case. (Statement at 2.) Rather, Plaintiff contends that this action should proceed against the individual Defendants because the automatic stay does not apply to those defendants. (*Id.* at 3.) Defendants disagree. The Court's decision to administratively close this case due to the automatic stay is reasonable, comfortably within the Court's discretion, and need not be reconsidered.

It is well established that federal courts have the "inherent power 'to control the disposition of the causes on their dockets with economy of time and effort for themselves, for counsel, and for litigants." *Sarkar* v. *Garland*, 39 F.4th 611, 617 (9th Cir. 2022) (alterations adopted) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)). Pursuant to their "inherent power," courts may "administratively close cases" on their docket, "which is 'the practical equivalent of a stay.'" *Id.* at 618. Here, that the automatic stay under the Bankruptcy Code may not extend to the individual Defendants does not alter the Court's broad docket-management powers, including its independent authority to stay proceedings. *See Mediterranean Enters.* v. *Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (recognizing that a "court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"). Indeed, courts in this circuit frequently enter temporary administrative-closure or stay orders when fewer than all defendants are subject to the automatic stay under the Bankruptcy Code in the interest of judicial economy and to avoid piecemeal litigation. *See*, *e.g.*, *Doss* v. *Cnty. of Alameda*, 2024 U.S. Dist. LEXIS 218513, at *4 (N.D. Cal. Dec. 3, 2024) (exercising discretion to stay entire case where plaintiffs' claims "arise from similar facts and similar legal arguments such that a partial stay would require the parties to

relitigate the same issues once the bankruptcy stay is lifted" and "would be inefficient for everyone involved"); *Zurich Am. Ins. Co.* v. *Trans Cal Assocs.*, 2011 WL 6329959, at *3-4 (E.D. Cal. Dec. 16, 2011) (entering discretionary stay as to non-debtor co-defendants in light of automatic stay as to debtor-defendants); *Beardsley* v. *All Am. Heating, Inc.*, 2007 WL 1521225, at *2-3 (W.D. Wash. May 22, 2007) (concluding that it would "be more efficient to stay the entire case while claims against [debtor-defendant] are subject to the automatic stay, rather than to proceed with this litigation on a piecemeal basis").

The Court's decision to administratively close this case is the most efficient and sensible course of action, particularly given the early stage of this litigation. Defendants' motion to dismiss has been fully briefed and under submission since October 31, 2024. (*See* ECF No. 78.) Plaintiff asserts nearly identical claims against Cutera and the individual Defendants, and the arguments and issues raised in Defendants' motion to dismiss overlap significantly. (*See* ECF Nos. 72 & 77.) It would therefore make little sense to issue a decision on the pending motion to dismiss only as to the individual Defendants and leave Cutera's arguments for another day, especially where, as here, Plaintiff's claims against the individual Defendants are particularly weak and unlikely to survive Defendants' motion to dismiss. But even if the Court were to reconsider its Order, reopen the case, and deny the pending motion to dismiss only as to the individual Defendants, there would be no practical way to exclude Cutera from discovery while it is engaged in critical reorganization efforts in the bankruptcy proceeding — which would contravene the purpose of the automatic stay. *See In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011) (explaining that the automatic stay is designed to "provide the debtor breathing room to reorganize"). In any event, Plaintiff is in no way prejudiced by the Court's Order. When Cutera initiated its "pre-packaged" Chapter 11 case on March 5, 2025, Cutera announced that it expects "to complete this process quickly and efficiently within 60 days."[1] So any delay caused by the Order would be minimal.

Defendants respectfully request that this case remain closed through the conclusion of Cutera's Chapter 11 case. When the bankruptcy proceeding is finally resolved, Cutera will promptly notify the Court, at which time this action may resume.

---

[1] *Cutera Takes Steps to Strengthen Financial Foundation and Position the Company for Long-Term Success*, CUTERA.COM (March 5, 2025), https://ir.cutera.com/news-releases/news-release-details/cutera-takes-steps-strengthen-financial-foundation-and-position.

Dated: March 28, 2025

/s/ Brendan P. Cullen
Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
Alexis C. Holmes (SBN 321393)
(holmesa@sullcrom.com)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California 94301
Telephone: (650) 461-5600
Facsimile: (650) 461-5700

*Counsel for Defendants Cutera, Inc., David H. Mowry, Rohan Seth, J. Daniel Plants, Sheila Hopkins, Taylor Harris, Stuart Drummond, and Vikram Varma*