# EXHIBIT A

Docket #0203  Date Filed: 04/10/2025
United States Bankruptcy Court
Southern District of Texas

**ENTERED**
April 10, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc., *et al.*,[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

**AGREED ORDER REGARDING
SECURITIES LITIGATION OPT-OUT OF THIRD-PARTY RELEASES**
**[Relates to Docket No. 148]**

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and the New England Teamsters Pension Fund, acting as lead plaintiff (the "Lead Plaintiff") in the putative class action captioned *In re Cutera, Inc. Securities Litigation*, No. 4:23-cv-02560-JST (N.D. Cal.) (the "Securities Litigation") (the Debtors and the Lead Plaintiff, each a "Party" and, together, the "Parties"), by and through their undersigned counsel, agree as follows and the Court hereby orders the following (the "Agreed Order"):

**RECITALS**

A.      WHEREAS,  on March 5, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").  The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These Chapter 11

---

[1]     The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339).  The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.



2590088250410000000000001

Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Bankruptcy Local Rule 1015-1, and the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 30].  No request has been made for the appointment of a trustee or examiner;

B.      WHEREAS, on March 5, 2025, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* [Docket No. 7] (the "Plan"), which contains "opt-out" third-party releases (the "Third-Party Releases");

C.      WHEREAS, the Lead Plaintiff is the court-appointed lead plaintiff in the Securities Litigation in the United States District Court for the Northern District of California (the "District Court"), in which no class has presently been certified.  On May 10, 2024, Lead Plaintiff filed the *Amended Class Action Complaint for Violation of the Federal Securities Law* (the "Amended Complaint") [Sec. Lit. Docket No. 59] against Debtor Cutera, Inc. and certain current and former senior executives of Cutera, Inc. named therein (collectively, "Defendants");

D.      WHEREAS,  on July 8, 2024, Defendants filed a motion to dismiss the Securities Litigation.  [Sec. Lit. Docket No. 72] (the "Motion to Dismiss").  On September 9, 2024, Lead Plaintiff filed a response in opposition to the Motion to Dismiss.  [Sec. Lit. Docket No. 76].  On October 9, 2024, Defendants filed a reply in support of the Motion to Dismiss.  [Sec. Lit. Docket No. 77].  The District Court informed the parties that it would rule on the Motion to Dismiss on the papers.  Prior to the District Court's ruling, Debtors filed these Chapter 11 Cases.  Defendants then filed a suggestion of bankruptcy with the District Court [Sec. Lit. Docket No. 80], apprising the District Court of the Debtors' Chapter 11 Cases.

E.      WHEREAS, on March 18, 2025, the District Court *sua sponte* entered an order administratively closing the Securities Litigation without prejudice.  [Sec. Lit. Docket No. 80].  On

2

March 20, 2025, Lead Plaintiff filed a statement with the District Court stating that the Debtors' chapter 11 filings only stayed the Securities Litigation as to Cutera and not as to the other Defendants.  [Sec. Lit. Docket No. 81].  On March 28, 2025, Defendants filed a response to Lead Plaintiff's statement.  [Sec. Lit. Docket No. 83];

F.      WHEREAS, on March 24, 2025, the Lead Plaintiff filed the *Emergency Motion of Securities Litigation Lead Plaintiff for Entry of an Order (I) Authorizing the Lead Plaintiff to Opt Out of Third-Party Release on Behalf of the Class or Confirming such Authority or, Alternatively, (II) Certifying the Class for a Limited Purpose* [Docket No. 148] (the "Motion") seeking, on behalf of a putative class (as may be modified by the District Court, the "Putative Class") consisting of all persons that acquired equity in Cutera, Inc. between March 1, 2022 and March 21, 2024 (the "Class Period"), inclusive, subject to certain exclusions described in paragraph 470 of the Amended Complaint:[2] (i) authorization to opt out of the Third-Party Releases on behalf of the Putative Class and its members or, (ii) in the alternative, certification of the Putative Class for the sole limited purpose of permitting the Lead Plaintiff to opt out of the Third-Party Releases on behalf of the Putative Class and its members;

G.      WHEREAS, on April 2, 2025, the Debtors filed their objection to the Motion [Docket No. 172] (the "Objection").  On April 3, 2025, the Court held a hearing to address the Motion and Objection (the "Hearing");

---

[2]   Excluded from the Putative Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer, director, or control person of Cutera, Inc. during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Cutera, Inc.'s employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person. *See* Amended Complaint ¶ 470.

H.      WHEREAS, the Parties have agreed and the Court directed at the Hearing, that the Lead Plaintiff shall be entitled to opt out of the Third-Party Releases on behalf of the Putative Class and its members, subject to the terms of this Agreed Order;

I.      WHEREAS, the Parties have agreed that, based upon the Class Opt-Out, no supplemental service is necessary; and

J.      WHEREAS, subject to the entry of this Agreed Order, Lead Plaintiff agrees to waive any objection to approval of the Third-Party Releases.

**THE PARTIES AGREED AND IT IS HEREBY ORDERED THAT**:

1.      Upon the entry of this Agreed Order, Lead Plaintiff shall be authorized to opt out of the Third-Party Releases on behalf of the Putative Class and its members  (the "Class Opt-Out") and shall be deemed to have made the Class Opt-Out as of the date of the Hearing; provided that such Class Opt-Out shall become null and void if the District Court or any court of competent jurisdiction enters a Final Order[3] (a) granting the Motion to Dismiss in full without leave to replead; (b) declining to certify the Putative Class, or (c) granting judgment in favor of all Defendants with respect to all claims in the Securities Litigation.  Lead Plaintiff may file a notice of the Class Opt-Out on the docket in the Chapter 11 Cases at any time without affecting the validity or effective date of the Class Opt-Out, *provided*, *however*, that filing such notice is not a condition to the effectiveness of the Class Opt-Out.

2.      Based upon the Class Opt-Out, no Supplemental Service (as defined in the *Declaration of James Lee in Support of the Debtors' Objection to Emergency Motion of Securities Litigation Lead Plaintiff for Entry of an Order (I) Authorizing The Lead Plaintiff to Opt-Out of*

---

[3]     As used in this Agreed Order, "Final Order" means an order as to which all rights of appeal, certiorari, reargument, repleading, reconsideration, and rehearing have been exhausted or waived and the time to seek any such relief has expired.

*Third-Party Releases on Behalf of the Class or Confirming such Authority or, Alternatively, (II) Certifying the Class for a Limited Purpose* [Docket No. 173-1]) is necessary.

3.      Lead Plaintiff hereby waives any objection to approval of the Third-Party Releases.

4.      The Class Opt-Out shall be deemed made and effective as of the conclusion of the Hearing irrespective of the date of entry of this Agreed Order.

5.      The Debtors make no representations respecting Lead Plaintiff's or the Putative Class's likelihood of success in the Securities Action or with respect to efforts to collect any judgment, settlement, or other award of damages, if any.

6.      All rights, claims, or defenses of the Debtors and their successors and assigns are expressly reserved, other than as set forth in this Agreed Order.

7.      Nothing in this Agreed Order shall, nor shall any actions taken pursuant hereto, constitute admissible evidence against the Parties in any action or proceeding other than to enforce the terms of this Agreed Order, including but not limited to enforcing the Class Opt-Out.

8.      For the avoidance of doubt, nothing in this Agreed Order shall be construed as an agreement to treat any damages or expenses resulting or arising from the Securities Action, or prosecution thereof, as postpetition claims.

9.      This Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings related to the subject matter hereof.

10.     The undersigned who executes this Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Agreed Order on behalf of such Party.

5

11.     For the avoidance of doubt, nothing in this Agreed Order shall be construed to alter the terms of the Plan or Disclosure Statement or the treatment of any claim under the Plan pursuant to section 1129 of the Bankruptcy Code.

12.     This Agreed Order shall be binding upon the Parties' successors, agents, assigns (including bankruptcy trustees and estate representatives), and any parent, subsidiary, or affiliated entity of the Parties.

13.     This Agreed Order and all the provisions and requirements as set forth herein shall supersede the *Notice of Class Opt-Out* [Docket No. 199].

14.     The Parties are hereby authorized to take all actions necessary to effectuate the relief granted in this Agreed Order.

15.     Except as otherwise provided herein, this Agreed Order shall not be modified, altered, amended or vacated without the written consent of all Parties or by further order of the Court.

16.     The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Agreed Order.

Signed: April 09, 2025

Alfredo R Pérez
United States Bankruptcy Judge

**AGREED BY:**

/s/ Timothy A. "Tad" Davidson II
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Catherine A. Rankin (TX Bar No. 24066008)
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Email: taddavidson@hunton.com
 pguffy@hunton.com
 catherinerankin@hunton.com

 - and -

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Conor P. McNamara (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
Email: ryan.dahl@ropesgray.com
 conor.mcnamara@ropesgray.com

**ROPES & GRAY LLP**
Natasha S. Hwangpo (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail: natasha.hwangpo@ropesgray.com

*Co-Counsel to Debtors in Possession*

**LOWENSTEIN SANDLER LLP**

*/s/ Andrew Behlmann*
Michael S. Etkin, Esq. (*pro hac vice*)
Andrew Behlmann (S.D. Tex. Bar No. 3145648)
Carolyn Gauvin (*pro hac vice*)
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: (973) 597-2500
Email: metkin@lowenstein.com
Email: abehlmann@lowenstein.com
Email: cgauvin@lowenstein.com

-and-

Lindsay H. Sklar (*pro hac vice*)
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
Email: lsklar@lowenstein.com

*Bankruptcy Counsel to Lead Plaintiff and the Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty
Michael H. Rogers
Nicholas Manningham
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Email: mcanty@labaton.com
Email: mrogers@labaton.com
Email: nmanningham@labaton.com

*Attorneys for Lead Plaintiff and the Class*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas E. Gilmore
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Tel: (510) 725-3000
Email: lucasg@hbsslaw.com

*Liaison Counsel for the Class*